U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

ANNETTE RODRIGUEZ,

Plaintiff,

v. No. 1:17-CV-001147-SCY-LF

RICKY SERNA,
BRANDI CORDOVA,
PATRICIA TRUJILLO,
NANCY "RUSTY" BARCELO,
RICK BAILEY,
MATTHEW MARTINEZ,
ANTHONY SENA,
PEDRO MARTINEZ,
MARIO CAETANO,
RYAN CORDOVA,
ANDY ROMERO,
JOHN WATERS,
BERNIE PADILLA,
in their individual capacities; and
NORTHERN NEW MEXICO COLLEGE (NNMC)
AND THE NNMC BOARD OF REGENTS,

Defendants.

ANSWER OF THE BOARD OF REGENTS
OF THE NORTHERN NEW MEXICO COLLEGE

Defendant the Board of Regents of the Northern New Mexico College, which the Plaintiff's Complaint identifies as "Northern New Mexico College (NNMC)" and "The NNMC Board of Regents," answers the Plaintiff's Complaint for Damages as follows:

1. As to the allegations of Paragraph 1 of the Complaint, Defendant admits that the Plaintiff was previously employed as an adjunct faculty member of

Northern New Mexico College and denies the remaining allegations of Paragraph 1 of the Plaintiff's Complaint.

2. Defendant denies the allegations of Paragraphs 2, 3 and 4 of the Complaint.

3. As to the allegations of Paragraph 5, Defendant states that the United States District Court for the District of New Mexico has jurisdiction over the parties and the subject matter.

4. As to the allegations of Paragraph 6 of the Complaint, Defendant admits that Plaintiff's Complaint asserts claims under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. Section 1983, the Digital Millennium Copyright Act and the New Mexico Inspection of Public Records Act along with various tort claims. Defendant denies that Plaintiff is entitled to recover under any of these claims.

5. As to the allegations of Paragraph 7, Defendant admits that venue is proper in the United States District Court for the District of New Mexico.

6. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and therefore denies those allegations and gives notice to the Plaintiff that she will have the burden of proving those allegations.

7. As to the allegations of Paragraph 9, Defendant admits that Ricky Serna was previously a Vice President of Institutional Advancement but denies that Plaintiff suffered a legally cognizable injury.

8. As to the allegations of Paragraph 10 of the Complaint, Defendant admits that Brandi Cordova was a custodian for public records for Northern New Mexico College in an official capacity during the times relevant to the Plaintiff's Complaint.

9. As to the allegations of Paragraph 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21, Defendant admits only that the persons Plaintiff names in these allegations were employees of the College in various capacities during times relevant to the Plaintiff's Complaint, and otherwise denies Plaintiff's allegations.

10. As to the allegations of Paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the Plaintiff's Complaint, Defendant admits that the Plaintiff was previously a part-time, adjunct faculty member pursuant to a series of letters of appointment with Northern New Mexico College. According to the last letter of appointment, the Plaintiff's employment with the College ended May 16, 2014, and the Plaintiff did not receive any further letters of appointment for the ensuing academic year or thereafter. Defendant generally denies all the remaining allegations of Paragraphs 22 through 50 of the Complaint and gives notice to the Plaintiff that she will have the burden of proving those allegations.

11. With regard to the allegations of Paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 and 61 of the Complaint, Defendant admits that the Plaintiff submitted a large number of excessively burdensome and overly-broad IPRA requests to the College. Defendant generally denies all other allegations of Paragraphs 51 through

61 and gives notice to the Plaintiff that she will have the burden of proving those allegations.

12. Defendant denies the allegations of Paragraph 62 of the Complaint.

13. As to the allegations of Paragraph 63 of the Complaint, Defendant admits that Defendant Brandi Cordova was the custodian of public records for Northern New Mexico College in 2015. Defendant denies all remaining allegations of Paragraph 63.

14. Defendant generally denies the allegations of Paragraphs 64, 65, 66, 67, 68, 69,70, 71, 72, 73, 74, 75, and 76 and gives notice to the Plaintiff that she will have the burden of proving those allegations.

15. As to the allegations of Paragraph 77, 78 and 79 of the Complaint, Defendant, after reasonable inquiry, lacks sufficient knowledge and information to form a belief about the truth of those allegations; Defendant therefore denies them and gives notice to the Plaintiff that she will have the burden of proving those allegations.

16. Defendant denies the allegations of Paragraphs 80, 81, 82, 83, 84, 85, 86, 87 and 88 of the Complaint.

17. The allegations of Paragraph 89 of the Complaint require no further response from this Defendant.

18. Defendant denies the allegations of Paragraphs 90, 91, 92 and 93 of the Complaint.

19. The allegations of Paragraph 94 of the Complaint require no further response from this Defendant.

20. Defendant denies the allegations of Paragraphs 95, 96, 97 and 98 of the Complaint.

21. The allegations of Paragraph 99 of the Complaint require no further response from this Defendant.

22. Defendant denies the allegations of Paragraphs 100, 101, 102 and 103 of the Complaint.

23. The allegations of Paragraph 104 of the Complaint require no further response from this Defendant.

24. Defendant denies the allegations of Paragraphs 105, 106, 107 and 108 of the Complaint.

25. The allegations of Paragraph 109 of the Complaint require no further response from this Defendant.

26. Defendant denies the allegations of Paragraphs 110 through 111 of the Complaint.

27. The allegations of Paragraph 112 of the Complaint require no further response from this Defendant.

28. Defendant denies the allegations of Paragraphs 113, 144 and 115 of the Complaint.

29. The allegations of Paragraph 116 of the Complaint require no further response from this Defendant.

30. Defendant denies the allegations of Paragraphs 117, 118, 119, 120, 121 and 122 of the Complaint.

31. The allegations of Paragraph 123 of the Complaint require no further response from this Defendant.

32. Defendant denies the allegations of Paragraphs 124, 125, 126 and 127 of the Complaint.

33. The allegations of Paragraph 128 of the Complaint require no further response from this Defendant.

34. Defendant denies the allegations of Paragraphs 129 of the Complaint.

35. The allegations of Paragraph 130 of the Complaint require no further response from this Defendant.

36. Defendant denies the allegations of Paragraphs 131 and 132 of the Complaint.

37. As to the allegations of Paragraph 133 of the Complaint, the United States District Court for the District of New Mexico does not distinguish between a six and twelve-person jury, and accordingly, Plaintiff's request is a general jury demand in this Court.

38. Defendant denies Plaintiff's request for damages set forth in Paragraphs 134, 135, 136, 137 and 138.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint should be dismissed due to lack of service of process or insufficiency of service of process.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

3. Plaintiff's claims should be dismissed based on the doctrine of qualified immunity.

4. The Board of Regents of Northern New Mexico College is an educational institution under New Mexico law and as such, is not susceptible to suit pursuant to Plaintiff's claim for money damages under 42 U.S.C. 1983.

5. Plaintiff's tort claims against the Board of Regents of Northern New Mexico College is subject to the doctrine of sovereign immunity and the provisions of the New Mexico Tort Claims Act which bars the Plaintiff's claims in the present case. Plaintiff also failed to comply with the notice provisions of the New Mexico Tort Claims Act as to the Board of Regents of the Northern New Mexico College.

6. Plaintiff has failed to mitigate her alleged damages.

7. As to Count I, Plaintiff's alleged adverse employment action occurred due to reasons other than Plaintiff's alleged protected speech, and she would have been subject to the same employment action regardless of the alleged speech.

8. Plaintiff's claims are barred in whole or in part due to the failure to comply with the applicable statutes of limitation.

9. Defendant reserves the right to assert additional affirmative defenses as may be determined in discovery.

WHEREFORE, the Defendant Board of Regents of the Northern New Mexico College, having fully responded to the Plaintiff's Complaint, respectfully requests that the Court dismiss it with prejudice and award the Board of Regents its costs in defending the action and for all other appropriate relief.

LONG, KOMER & ASSOCIATES, P.A.

*Attorneys for Defendant*
*Board of Regents of the Northern*
*New Mexico College*

By: *<u>/s/ Mark E. Komer</u>*
P.O. Box 5098
Santa Fe, NM 87502-5098
Phone: (505) 982-8405
Fax: (505) 982-8513
mark@longkomer.com
email@longkomer.com

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2017, I filed the foregoing Answer electronically through CM/ECF, which caused the following parties or counsel service by electronic means, as more fully reflected on the Notice of Electronic filing:

Brian Harris
*Brianhattorney@gmail.com*

*Attorney for Plaintiff*

*/s/ Mark E. Komer*
MARK E. KOMER