# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANNETTE RODRIGUEZ,

    Plaintiff,

  vs.                                                                                           No. 1:17-cv-01147-WJ-LF

RICKY SERNA, BRANDI CORDOVA,
PATRICIA TRUJILLO, NANCY BARCELO,
RICK BAILEY, MATTHEW MARTINEZ,
ANTHONY SENA, PEDRO MARTINEZ,
MARIO CAETANO, RYAN CORDOVA,
ANDY ROMERO, JOHN WATERS,
BERNIE PADILLA,
NORTHERN NEW MEXICO COLLEGE,
THE NNMC BOARD OF REGENTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND

THIS MATTER comes before the Court upon ten motions to dismiss filed by Defendants on February 15 and 21, 2018 (**Docs. 12-15, 19-21, 24-26**), and one Motion for Judgment on the Pleadings filed by Defendant Northern New Mexico College on February 28, 2018 (**Doc. 32**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motions are well-taken in part and, therefore, are **GRANTED IN PART**, but the Court will allow Plaintiff to file an amended complaint. The motions are otherwise **DENIED WITHOUT PREJUDICE,** and may be reasserted, if appropriate, after Plaintiff amends her complaint.

**BACKGROUND**

Plaintiff was an adjunct faculty member at Northern New Mexico College. She alleges that she was retaliated against after she began questioning alleged financial improprieties and misuse of federal grant money, violating her First Amendment and Due Process rights. She also alleges seven other claims against Defendants, as they allegedly tried to stop her from investigating and exposing these improprieties.[1] The fifteen defendants include Northern New Mexico College, the NNMC Board of Regents, and employees thereof.

This case was removed from the Second Judicial District, Bernalillo County, New Mexico, on November 17, 2017. **Doc. 1.**

All Defendants filed motions to dismiss or for judgment on the pleadings, asserting qualified immunity and statute of limitations issues, and that Plaintiff failed to state a claim as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6), in part because of factual insufficiency.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the

---

[1] The asserted claims include: (1) Deprivation of Free Speech Rights under the First Amendment; (2) Violation of the Digital Millennium Copyright Act; (3) Deprivation of First Amendment Rights of Free Association; (4) Breach of Contract; (5) Deprivation of Due Process Rights; (6)Libel and Slander; (7) Violation of the Inspection of Public Records Act; (8) Assault; (9) Defamation; and (10) Battery.

elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

I.   **Plaintiff Insufficiently Pled Claims.**

Plaintiff alleges three constitutional violations under 42 U.S.C. § 1983: First Amendment retaliation, Deprivation of First Amendment Rights of Free Association, and violation of her Due Process Rights under the Fourteenth Amendment. This is in conjunction with seven other federal and state law claims, set forth above.

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). To state a claim for relief under § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242,

1249-50 (10th Cir. 2008) (emphasis in original). As set out below, the Court concludes that Plaintiff's complaint fails to state a claim for relief under § 1983.

Plaintiff filed a complaint asserting ten claims against fifteen defendants, but did not specify which claims are asserted against which defendants. Thus, neither the Court nor the Defendants are able to tell which claims are asserted against which defendant. Because of these insufficiencies, Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, which in part contain brief statements that Plaintiff failed to allege facts supporting certain claims.

Moreover, in response to the motions to dismiss, Plaintiff for the most part failed to address which claims are alleged against the specified defendant, leaving it unclear whether she admits that she failed to state a claim on those counts. In any event, it is inappropriate to attempt to amend a complaint in a response to a motion to dismiss.

"[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (dismissing case for failure to state a claim without prejudice to refiling). Because Plaintiff failed to specify which claims each defendant is alleged to have committed, "it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins*, 519 F.3d at 1250 (dismissing case for failure to state a claim without prejudice to refiling).

As noted above, when pleading claims against the defendant, Plaintiff must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50

(10th Cir. 2008) (emphasis in the original). Even under a more relaxed pleading standard, the Court would find the complaint inadequate.

## II. **Amendment to Complaint.**

"Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading 'only by leave of court or by written consent of the adverse party.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). "[T]he Rule itself states that leave shall be freely given when justice so requires. The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (internal citations and quotation marks omitted).

Because the factual insufficiencies in the complaint can be resolved, the Court will allow Plaintiff to file an amended complaint. *See, e.g., Amaro v. New Mexico*, ___ Fed. Appx. ___ 2018 WL 2986635, at *3 (10th Cir. 2018) (district court should have granted leave to amend where complaint could be amended to include required specificity).

Plaintiff is ordered to file an Amended Complaint in accordance with the following:

- Plaintiff may file the Amended Complaint within **sixty (60) days** of the filing of this Order;
- Each claim asserted by Plaintiff shall identify which Defendants she asserts that claim against; and
- Plaintiff shall specify which facts support inclusion of a particular Defendant under that claim or count. This may be satisfied by referring back to the specific factual section on a particular Defendant.

## III. **The Court Denies Defendants' Pending Motions Without Prejudice.**

The Court declines at this time to reach Defendants' other arguments, which seek to dismiss for failure to state a claim as matter of law, or dismiss for statute of limitations issues or qualified immunity issues. Defendants may reassert these claims, if they are still appropriate, after Plaintiff amends her complaint.

The Court expects that allowing Plaintiff to file the Amended Complaint will afford some clarity regarding which claims are asserted against which defendant. For that reason, the motions are **DENIED WITHOUT PREJUDICE** as to these legal arguments the Court declines to reach at this time.

### IV. Re-filing of Defendants' Motions.

Following Plaintiff's re-filing of the Amended Complaint, the Defendants have **thirty (30) days** from the filing of the Amended Complaint to re-file the above motions which have been denied without prejudice. Defendants should not merely re-file the same motions, but should take into account any changes made in the amended complaint that may eliminate some of the scatter-shot arguments currently present in the motions.

**IT IS THEREFORE ORDERED** that:

1. Defendants' motions to dismiss are hereby **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** for reasons described in this Memorandum Opinion and Order;

2. The Complaint (**Doc. 1**) is **DISMISSED** without prejudice under Rule 12(b)(6);

3. Plaintiff is granted leave to file an amended complaint consistent with this opinion within **sixty (60) days** of entry of this Memorandum Opinion and Order. **If Plaintiff fails to do so, the Court will be inclined to dismiss this matter with prejudice and close the case;** and

4. Defendants may file revised Fed. R. Civ. P. 12(b)(6) motions to dismiss or motions for judgment on the pleadings within **thirty (30) days** from the filing of the Amended Complaint.

                                                                              CHIEF UNITED STATES DISTRICT JUDGE